**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **HARBOR COMMUNICATIONS, LLC, *et al.*,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 18-00111-KD-N** |
| | ) | |
| **SOUTHERN LIGHT, LLC, *et al.*,** | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiffs Harbor Communications, LLC, Boihem Investment Company, LLC and J & L, LLC 's Motion to Remand. (Doc. 8). This motion has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and S.D. Ala. GenLR 72(b). In reaching its decision, the undersigned has considered the Notice of Removal (Doc. 1), the Motion to Remand (Doc. 8), the Response in Opposition filed by Defendants Southern Light, LLC and Uniti Fiber Holdings, Inc. (Doc. 17), Plaintiffs' Reply to Response (Doc. 22), and related exhibits. Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that Plaintiffs Harbor Communications, LLC, Boihem Investment Company, LLC and J & L, LLC's, Motion to Remand (Doc. 8) be **GRANTED in part** and **DENIED in part.**

## I.    Background

In 2013, Plaintiffs, Harbor Communications, Boheim Investments, and J & L, LLC, sued Southern Light, Andrew Newton, and Edward Forbess in Baldwin County

Circuit Court. The case was removed to federal court but later remanded. The parties later entered into a settlement agreement in November 2017.[1]

A civil action was instituted on February 3, 2018 in the Circuit Court of Baldwin County, Alabama. The Plaintiffs, Harbor Communications, Boihem Investments and J & L, LLC allege that Defendants, Southern Light and Uniti Fiber[2] breached the November 2017 settlement agreement related to the prior lawsuit in Baldwin County Circuit Court between the parties. After service of the summons and complaint was conducted upon both Defendant parties, Defendants timely filed a Notice of Removal with this Court.[3] On March 9, 2018, Notice of Removal was filed on the grounds that complete diversity of citizenship exists. Amount in controversy and diversity of citizenship are undisputed.

Plaintiffs seek two separate forms of relief. "Count One alleges that the Defendants breached the terms of a settlement agreement that parties executed in connection with the settlement of prior litigation…Count Two of the Plaintiffs' complaint invokes Rule 27 of the Alabama Rules of Civil Procedure and seeks pre-suit discovery. Plaintiffs rely upon their Rule 27 Petition to determine whether facts exist to set aside the parties' settlement agreement under Alabama law and have the old lawsuit reinstated" (*See* Doc. 8). Plaintiffs state damages due after Defendant's alleged breach of the settlement agreement, have been $67,000.00 per month, which has equated to over $500,000.00. The Defendants filed an answer and amended answer with counterclaims. (Docs. 2,5).

---

[1] Harbor Communications, LLC et al v. Southern Light, LLC et al., Civil Action 14-403-CB-B

Plaintiffs move to remand, arguing that this court should abstain from exercising jurisdiction under *Colorado River.*[2] "[A]s a threshold matter, a federal court may abstain under the *Colorado River* doctrine only if there is a parallel state action, which is one involving substantially the same parties and substantially the same issues." *Jackson- Platts v. Gen. Elec. Capital Corp.,* 727 F. 3d 1127,1140 (11th Cir. 2013)(citing *Ambrosia Coal,* 368 F.3d at 1329-30. Plaintiffs argue that their pursuits will be divided. Specifically, the breach of contract claim will remain pending in this Court but the Rule 27 petition cannot be adjudicated here. Plaintiffs state in sum, "…the Court should abstain from exercising jurisdiction and remand the case to Baldwin County Court to be litigated in one proceeding, and not in a piecemeal fashion that would otherwise result." (Doc. 8 at 2).

"To determine whether abstention is merited under the Colorado River Doctrine, federal court must decide as a threshold matter whether there is a parallel state action, that is, one involving substantially the same issues." *Sini v. Citibank*, N.A. 990 F.Supp.2d 1370,1376 (S.D.Fla 2014). In order for there to be a parallel state action, a current state action must exist. Rule 27, a petition for pre-suit discovery, arguably is not considered a suit. "Because the federal courts have a 'virtually unflagging obligation… to exercise the jurisdiction given them' and a pending action in state court is "no bar to proceedings concerning the same matter' abstention applies only in 'exceptional circumstances' and must be based on 'only the clearest of justifications." *Sini v. Citibank, N.A.* 990 F.Supp.2d 1370,1376. If the Court

---

[2] *See Colorado River Water Conservation District v. United States,* 96 S. Ct. 1236 (1976).

determines that the two actions are parallel, the federal court must then weigh six factors in determining whether abstention is appropriate: "(1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties." *Jackson-Platts,* 727 F.3d at 1141 (citing *TranSouth Fin. Corp. v. Bell,* 149 F.3d 1292,1294 (11th Cir. 1998)).

## II. Analysis

Plaintiffs argue that the original previous litigation and/or the Rule 27 proceeding are "parallel proceeding". (Doc. 18). The original previous litigation, which has long since concluded, is not parallel.[4] Plaintiffs abandon this argument in the reply brief, arguing instead that the Rule 27 proceeding is a parallel proceeding. However, the complaint, which contains the count under Rule 27, is the case presently pending before the Court.

Rule 27 of the Alabama Rules of Civil Procedure ("Rule 27") permits a person to file a verified petition seeking permission to obtain pre-suit discovery to "perpetuate that person's own testimony or that of another person or to obtain discovery under Rule 34 or Rule 35 regarding any matter that may be cognizable in any court of this state." Ala. R. Civ. P. 27(a)(1). "If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make

---

[4] The previous litigation continued until November 2017, when the parties entered into a binding settlement agreement. (Doc.8).

an order…" Ala. R. Civ. P. 27(a)(3). Though the stated purpose of Rule 27 is the perpetuation of testimony, it has been construed as being broader than its federal counterpart in this respect. *Ex Parte Anderson,* 644 So. 2d 961, 964-65 (Ala. 1994). Where the federal court rule strictly limits pre-suit discovery to perpetuation purposes, Rule 27 permits persons to seek pre-suit discovery for the purpose of investigating and evaluating a potential claim. *Id.* at 964.

The plain language of Rule 27 indicates that a petition under its purview falls short of a civil action. Rule 27 is entitled "Discovery Before Action or Pending Appeal." Rule 27(a) is similarly titled "Before an action Is Filed." Notably, Rule 27 carefully avoids labeling those involved as "petitioner," "defendant," or even "parties." Rather, Rule 27 refers to a "petitioner," as a "persons named in the petition" and persons as "the petitioner expects to be parties." Ala. R. Civ. P. 27(a). Rule 27 also makes clear that the "petitioner" and "the persons named in the petition" are not yet adverse, but are merely "expected to be adverse." The removal statutes, however, refer to "parties" and state that actions may be removed by "the defendant or defendants." 28 U.S.C.§1441(a), 1446(a).

The issue is whether a Rule 27 petition seeking pre-suit discovery in state court is removable to federal court. This court has held that "the [Rule 27] petition itself is not a civil action and therefore, is not subject to removal." *In re Hinote,* 179 F.R.D. 335, 3365 (S.D.Ala. 1998) (Butler, J.). In *Hinote* the defendant's removal of a Rule 27 petition involved an employee benefit program based on federal question jurisdiction, arguing that the action would be preempted by federal law. The court reasoned that the removal of a petition for pre-suit discovery would amount to "removal of a civil

action before the action was filed," and declined to "expand removal jurisdiction to the pre-litigation realm." *Id* at 335.

Comparably, in *Young,* the court addressed the issue of whether a Rule 27 Petition seeking pre-suit discovery in state court is removable to federal court. *Young v. Hyundai Motor MFG. Alabama, LLC.,* 575 F.Supp2d 1251 (M.D.Ala.2008). The court held that the employee's pre-suit discovery petition was not removable. *Id.* In *Young*, the employee filed a petition for pre-suit discovery against the employer after he was injured at work. *Id.* The employer removed the case and the employee filed a motion to remand "contending that the Rule 27 Petition 'is not a civil action' under the federal statutes governing removal." *Id.* at 1252. The court reasoned in sum that Rule 27 Petition is pre-suit discovery and is not within the litigation realm, therefore it is not removable to federal court.

In the present case, however, Plaintiffs did not simply file a Rule 27 petition. Rather, Plaintiffs filed a civil suit against Defendants alleging a breach of contract in Count One and presented "Count Two- Petition for Pre- Suit Discovery" in the alternative to Count One. (Doc 1-1 at 9). "Plaintiffs believe that the Defendants' conduct may permit the Court to set aside the parties' settlement agreement and reinstate the First Lawsuit. To that end, the Plaintiffs want to undertake pre-suit discovery pursuant to Rule 27, Ala. R. Civ. P., to determine whether sufficient facts exist to warrant a reopening of the First Lawsuit. If such facts are determined to exist, then *in the alternative to Count One,* Plaintiff requests that the Court set aside the parties' settlement agreement reinstate that previous case.

In determining whether the proceeding is parallel, "[t]he crucial question is whether the 'similarity between the two cases is sufficient to justify the conclusion that the state court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties.'" *Sini v. Citibank, N.A.,* 990 F. Supp. 2d 1370, 1376 (S.D. Fla. 2014) (quoting *Brown v. Blue Cross & Blue Shield of Fla., Inc.,* No. 11-80390-CIV, 2011 WL 11532078 at *8 (S.D. Fla. Aug. 8, 2011)). A Rule 27 proceeding is not capable of resolving the issue between the parties. It is merely a discovery method and normally filed as a petition, not as a cause of action, part of a suit.

In sum, Plaintiff's Rule 27 claim is non- removable and should be severed and remanded.

## III.   Conclusion

For the reasons set forth above, it is **RECOMMENDED** that Plaintiffs' Motion to Remand (Doc. 8) be **GRANTED in part** and **DENIED in part.**

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 20th day of **July 2018**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**