# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

HARBOR COMMUNICATIONS, LLC )
*et al.*, )
    Plaintiffs, )
  )
v. )   CIVIL ACTION: 1:18-00111-KD-N
  )
SOUTHERN LIGHT, LLC, *et al.*, )
    Defendants. )

## ORDER

This matter is before the Court on Defendants' Motion to Strike Jury Demand and Transfer to Court's Non-Jury Docket (Doc. 65), Plaintiffs' Position Statement Regarding Jury Trial (Doc. 66), and Defendants' Reply (Doc. 69).

The General Release (executed in conjunction with the settlement agreement) provides:

> 19. <u>Venue; Waiver of Jury Trial</u>. Any litigation between the parties arising out of or related to this Agreement shall be brought, maintained and pursued only in state or federal courts located in Mobile County, Alabama. **Each party waives any right to a trial by jury** with regard to any claims, defenses, or liabilities arising out of or relating to this Agreement.

(Doc. 46-1 at 5 at ¶19 (emphasis added); Doc. 48-1 at 1 at ¶1). However, the Rule 16(b) Scheduling Order indicates that this case is presently scheduled for a jury trial per Defendants' demand for same in its post-removal Answer (Doc. 2 at 1) and Plaintiffs demand for a jury trial in the original complaint filed in the Circuit Court of Baldwin County, Alabama (Doc. 1-1 at 1-2, 10, 13). (Doc. 31). On August 19, 2019, the parties were ordered to clarify for the Court whether this case should be a jury <u>or</u> a non-jury (bench) trial. (Doc. 63). In response Plaintiffs contend this case should remain set for a jury trial and Defendants contend this case should be removed from the jury trial docket and proceed as a non-jury (bench) trial.

1

Upon consideration, the Court finds that this action shall remain set for a jury trial because the Parties have waived their contractual right to a non-jury trial. The history of the case supports this conclusion and reveals the parties consistently elected to proceed via jury trial:

- Plaintiffs' 2/3/18 state court complaint demanded jury trial (Doc. 1-1 at 1, 2, 10, 13);
- Defendants' 3/9/18 answer demanded a jury trial (Doc. 2 at 1);
- Defendants' 3/29/18 amended answer demanded a jury trial (Doc. 5 at 1);
- The Parties' 8/22/18 Rule 26 Report requested jury trial (Doc. 27 at 5); and
- The 9/18/18 Rule 16(b) Scheduling Order set the case for jury trial (Doc. 31).

The parties have thus been litigating this case with the mutual understanding that this is as a jury trial action since February 3, 2018 -- for the past 18 months.

A party can waive a contractual right to a non-jury by evincing an intention of doing so – either through conduct, acts, or circumstances that manifest waiver in some unequivocal manner, or by expressly doing so (e.g., requesting the right to a jury trial in complaint). As explained in Ex parte Spencer, 111 So.3d 713, 717-718 (Ala. 2012):

> It is a well established principle of Alabama law that "[p]arties are free to contract as they will, provided they contract within the law." *Perkins v. Skates*, 220 Ala. 216, 218, 124 So. 514, 515 (1929).... a party may waive its right to enforce a contractual right in certain circumstances....
> ***
> "....Regarding the waiver of rights under a contract generally, this Court has stated:
>
> " 'The question of waiver, the voluntary surrender of a known right, is in the main a question of intention, and the authorities hold that, to be effectual, it must be manifested in some unequivocal manner; if not express, then by such language or conduct as to evince clearly the intention to surrender. *Bennecke v. Insurance Co.*, 105 U.S. 355, 26 L.Ed. 990 [ (1881) ]; *Balfour v. Parkinson* (C.C.) 84 Fed. 855, 861 [ (1898) ]. Quoting Sanborn, J., in *Rice v. Fidelity & Deposit Co.*, 103 Fed. 427, 435, 43 C.C.A. 270, 278 [ (1900) ]:
>
> " ' "To constitute a waiver, there must be an intention to relinquish the right, or there must be words or acts calculated to induce the other contracting party to believe, and which deceive him into the belief, that the holder of the right has abandoned it."

> " ' "A waiver will not be implied from slight circumstances, but must be evidenced by an unequivocal and decisive act, clearly proved." 29 Am. & Eng. Law, p. 1105.' "*Isom v. Johnson*, 205 Ala. 157, 159–60, 87 So. 543, 545 (1920)."
>
> … in *Textron*, we made it clear that a party may waive its right to enforce ….. other contract provisions, by evincing an intention to do so. We note that no rigid rule exists for determining what constitutes a waiver ….. the determination whether there has been a waiver must, instead, be based on the particular facts of each case.

Indeed, "under Alabama law, waiver of a contractual right occurs when a party voluntarily relinquishes a known right, benefit, or advantage. *Buco Bldg. Constructors, Inc. v. Myrick*, 863 So. 2d 1130, 1135 (Ala. Civ. App. 2003); *Waters v. Taylor*, 527 So. 2d 139, 141 (Ala. Civ. App. 1988)*." Heaton v. Geico Ins. Co., 2017 WL 359205, *5 (S.D. Ala. Jan. 24, 2017).

"'Waiver is defined as the voluntary surrender or relinquishment of some known right, benefit, or advantage,'…and 'a party's intention to waive a right is to be ascertained from the external acts manifesting the waiver[;]'……'[t]his intention to waive a right may be found where one's course of conduct indicates the same or is inconsistent with any other intention…." Colonial BancGroup, Inc. v. PricewaterhouseCoopers LLP, 2016 WL 9686998, *3-4 (M.D. Ala. Sept. 9, 2016). See also e.g., Woods v. Christensen Shipyards, Ltd., 2005 WL 5654643, *2 (S.D. Fla. Sept. 23, 2005) ("for a waiver to exist, an individual must possess a right, have knowledge of said right, and act in a way that "is inconsistent with the right or his intention to rely upon the right[,]"….[it] may be explicit if a party makes a specific statement of his intent to waive a right, or it may be implied through conduct and such conduct 'must make out a clear case.'.."). Cf. In re Financial Federated Title & Trust, Inc., 309 F.3d 1325, 1329-1330 (11th Cir. 2002) (discussing how a party may "revive" its previously waived right to a jury trial upon the event of newly asserted claims such as an amended complaint).

Moreover, in light of the 18 months of litigation that has passed, the Court is not persuaded by Defendants' new arguments -- raised the day before the Final Pretrial Conference -- that a party previously consenting to a jury trial may withdraw that consent and thus unilaterally move the case to the non-jury docket. (Doc. 69 at 1). Further, the Court is not persuaded at this time by the Alabama contract law arguments -- as to whether the case as a whole is even triable by right of jury -- as presented in Defendants' August 28, 2019 Reply.[1]

Upon consideration of the foregoing, the Court finds that Defendants' waived the contractual right to a non-jury trial -- such that this matter shall proceed as a jury trial. Thus, it is **ORDERED** that this matter shall **REMAIN** on the jury trial docket and Defendants' motion to transfer the case to the non-jury docket is **DENIED**.

**DONE** and **ORDERED** this the **29th** day of **August 2019**.

/s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

1 Defendants contend the action is clearly "not triable of right by a jury" based on their interpretation of certain terms of the contracts under Alabama law (relying on Rule 39(c)(2)), and because they contend that Plaintiffs have no right to recover damages per the contracts' terms (having waived the right as part of the settlement). (Doc. 69 at 6-7). The matters on which Defendants focus address the substance of the case and are thus better suited for summary judgment, which as this Court indicated at today's Final Pretrial Conference, is carried to trial.