IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HARBOR COMMUNICATIONS, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION: 1:18-00111-KD-N |
| | ) | |
| SOUTHERN LIGHT, LLC, *et al.*, | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the Defendants' Rule 59 motion to amend the December 19, 2019 judgment (Doc. 128). (Doc. 129).

Defendants Southern Light, LLC and Uniti Fiber Holdings, Inc. seek for the judgment to be amended to include Plaintiffs Boihem Investment Company, LLC, and J&L, LLC; and to reflect the jury's counterclaim verdict in favor of Southern Light. Specifically, Defendants propose the following amended judgment:

> In accordance with the Court's dismissal of all claims of Plaintiffs Boihem Investment Company, LLC, and J&L, LLC, on December 12, 2019 at the commencement of the trial (as reflected in the Court's subsequent order on December 17, 2019, (doc. 126)), and in accordance with the jury verdict issued on December 16, 2019, (doc. 127 Attachment "A") it is hereby ORDERED, ADJUDGED, and DECREED that JUDGMENT is entered in favor of the Defendants Southern Light, LLC and Uniti Fiber Holdings, Inc., and against Plaintiffs Harbor Communications, LLC, Boihem Investment Company, LLC, and J&L, LLC, such that all claims of all Plaintiffs against the Defendants Southern Light, LLC and Uniti Fiber Holdings, Inc., are DISMISSED WITH PREJUDICE. Further, in accordance with the jury verdict issued on December 16, 2019, it is hereby ORDERED, ADJUDGED, and DECREED that JUDGMENT is entered in favor of Southern Light, LLC on its counterclaim against Harbor Communications, LLC, in the amount of $74,385.00, for which let execution issue. Costs shall be taxed, if any be taxed, in accordance with FRCP 54 and Civil L.R. 54.

(Doc. 129 at 2-3).

The Eleventh Circuit has summarized the limited scope of relief available under Rule 59(e):

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been

raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). See also Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) ("Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59[]"); Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998) ("The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed[]"). "The extremely limited nature of the Rule 59(e) remedy cannot be overstated…[t]he losing party must do more than show that a grant of the motion might have been warranted; he must demonstrate a justification for relief so compelling that the court was required to grant the motion. Maradiaga v. United States, 679 F.3d 1286, 1291 (11th Cir. 2012) (citations and internal marks omitted)." Lee v. Thomas…2012 WL 3137901, *2 at note 1 (S.D. Ala. Aug. 1, 2012).

However, Defendants do not assert manifest error of law or fact or newly discovered evidence as grounds for the amended judgment, and do not specifically cite Rule 59(e), only Rule 59 generally. Moreover, the Court finds that the relief actually sought by Defendants is more akin to a Rule 60(a) motion to correct the judgment due to a clerical oversight or omission -- to essentially amend the judgment to clarify the full details of the jury's verdict. Rule 60(a) provides in relevant part:

> **(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice....

Fed.R.Civ.P. 60(a). As such, the Court reconstrues Defendants' motion as a Rule 60(a) motion to correct the judgment to fully reflect the entirety of jury's verdict.

First, Defendants' request that judgment be entered in their favor and against not only Plaintiff Harbor Communications, LLC, but also Boihem Investment Company, LLC, and J&L, LLC, lacks merit. Former plaintiffs Boihem and J&L were dismissed as party-plaintiffs at the outset of trial -- i.e., during

2

the trial no evidence or arguments were presented with regard to these plaintiffs and/or any claims by said plaintiffs against the Defendants. As such, there was no verdict rendered by the jury as to Boihem and J&L. Any judgment incorporating them would thus be improper. Thus, Defendants' motion is **DENIED** as to this request.

Second, Defendants seek for an amended judgment to include the jury's verdict rendered in favor of Defendant Southern Light, LLC on its counterclaim against Plaintiff Harbor Communications, LLC, in the amount of $74,385.00; and to note that costs shall be taxed, if any be taxed, in accordance Fed.R.Civ.P. Rule 54 and the SDAL Local Rules. Upon consideration, the Court agrees with Defendants' request and thus, Defendants' motion is **GRANTED** as to same.

It is **ORDERED** that Defendants' motion is **GRANTED in part** and **DENIED in part** as detailed supra, and that an Amended Judgment shall issue in conjunction with the undersigned's rulings.

The Clerk is **DIRECTED** to **WITHDRAW** the December 19, 2019 Judgment (Doc. 128) and **REPLACE** same with the Court's Amended Judgment.

**DONE** and **ORDERED** this the **7th** day of **January 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**