# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **HARBOR COMMUNICATIONS, LLC** <br> Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | CIVIL ACTION: 1:18-00111-KD-N |
| **SOUTHERN LIGHT, LLC,** *et al.*, <br> Defendants. | ) <br> ) <br> ) | |

## ORDER

This matter is before the Court on the parties' Joint Motion for entry of a Consent Judgment based on settlement. (Doc. 147). For the reasons set forth below, the motion is **DENIED.**

Specifically, a jury trial was held in this case from December 12-13 and December 16, 2019, after which a Final Judgment and an Amended Final Judgment issued, in accordance with the Jury Verdict. (Docs. 127, 128, 134). The Amended Judgment provides as follows:

> **1) JUDGMENT** is entered in favor of the Defendants Southern Light, LLC and Uniti Fiber Holdings, Inc., such that all of the Plaintiff Harbor Communications, LLC's claims against the Defendants are **DISMISSED WITH PREJUDICE;**
> **2) JUDGMENT** is entered in favor of Defendant Southern Light, LLC on its counterclaim against Plaintiff Harbor Communications, LLC, in the amount of **$74,385.00**, for which let execution issue; and
> **3) Costs** shall be taxed, if any be taxed, in accordance with Fed.R.Civ.P. 54 and SDALA LR 54.

(Doc. 134). The parties now seek entry of a *new* and *different* judgment, specifying as follows:

> All parties have moved the Court for entry of a consent judgment. By consent of the parties, it is hereby ORDERED, ADJUDGED and DECREED that judgment is entered in favor of Southern Light, LLC, and Uniti Fiber Holdings, Inc., on the breach of contract claims of the plaintiffs Harbor Communications, LLC, Boihem Investment Company, LLC, and J&L, LLC. It is further ORDERED, ADJUDGED AND DECREED that judgment is entered in favor of Southern Light, LLC, and Uniti Fiber Holdings, LLC, against Harbor Communications, LLC, Boihem Investment Company, LLC, and J&L, LLC, in the amount of $324,385.00, for which let execution issue. By agreement of the parties, no costs shall

1

be taxed. All post-trial motions are MOOT, and by agreement, the parties have waived any right to any appeal from this judgment.

(Doc. 147).

While the movants do not identify case law or the federal rule from which they seek to vacate the Court's final judgment (Rule 60(b) or otherwise), the motion appears to sound under Rule 60(b)(6)[1] for "any other reason that justifies relief." Pursuant to Fed.R.Civ.P. 60(b), a district court may "relieve a party or a party's legal representative from a final judgment..." for a number of reasons. By virtue of the language of the new judgment submitted by the parties, the motion seeks to vacate the prior judgment. However, vacatur based purely on settlement is improper.

The Supreme Court has explained as follows, regarding the propriety of a motion to vacate, emphasizing the need for the existence of "exceptional circumstances:"

> ...."Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur."....To allow a party...to employ the secondary remedy of vacatur as a refined form of collateral attack on the judgment would—quite apart from any considerations of fairness to the parties—disturb the orderly operation of the federal judicial system....
> ***
> ...mootness by reason of settlement does not justify vacatur of a judgment ....[absent]...exceptional circumstances..... those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur.....

U.S. Bancorp Mortg. Co. v. Bonner Mall P'p, 513 U.S. 18, 27 and 29 (1994).[2] See also Hartford Cas. Ins. Co. v. Crum & Forster Spec. Ins. Co., 828 F.3d 1331, 1334 (11th Cir. 2016) (same);

---

1 The parties have not asserted Rule 60(b)(1-5) grounds.

2 When mootness stems from a settlement...the presumption is....[that] "the losing party has ... surrender[ed] [its] claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by [the losing party's] own choice." Id. The presumption, therefore, is that the judgment previously obtained should remain intact. Id. See also e.g., Norfolk Southern Ry. Co. v. Brampton Enterp., LLC, 2009 WL 249811, *1 (S.D. Ga. Feb. 2, 2009) (concluding, in response to the parties seeking to vacate the summary judgment order due to a settlement, that "the Parties have not demonstrated extraordinary circumstances that would justify this Court vacating its prior judgment … the Parties' only basis for relief under Rule 60(b)(6) is that the finality of their settlement agreement is predicated

Heartland Catfish Co., Inc. v. Navigators Spec. Ins. Co., 2018 WL 1913549, *1 (S.D. Ala. Mar. 6, 2018) (same).

Additionally, the parties specify that they seek entry of a *particular* type of judgment -- a consent judgment. However, this is not a proper case for entry of a consent judgment (or consent decree). **The parties' settlement, post-trial, is a private agreement which can be included in a stipulation of dismissal filed with the Court.** But a private settlement is not the judgment of the Court, and only *exceptional* cases would prompt the Court's imprimatur on a private settlement. See, e.g., Local No. 93, Intern. Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland, 478 U.S. 501, 538 (1986) (dissenting opinion) (quoting Moore's Federal Practice -- "...the judgment is not an *inter partes* contract; the Court is not properly a recorder of contracts, but is an organ of government constituted to make judicial decisions and when it has rendered a consent judgment it has made an adjudication.' 1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice ¶ 0.409[5], pp. 330–331 (1984)[]"); Stovall v. City of Cocoa, Fla., 117 F.3d 1238, 1242-1243 (11th Cir. 1997) ("just because the settlement agreement was binding upon the parties does not mean it was binding on the district court. *See League of United Latin Amer. Citizens Council No. 4434 v. Clements*, 999 F.2d 831, 845 (5th Cir.1993) (en banc) (citations omitted) ("Even if all of the litigants were in accord, it does not follow that the federal court must do their bidding....entry of a consent decree is more than a matter of agreement among litigants. It is a judicial act[]"); Williams v. City of New Orleans, 729 F.2d 1554, 1559 (5th Cir. 1984) ("since a consent decree reaches into the future and has continuing effect, the district court must take an active role in its

---

on this Court vacating its prior judgment. That basis...is woefully insufficient[]"); Gulfstream Aerospace Corp. v. Camp Sys. Int'l, Inc., 2007 WL 2469577, *2 (S.D. Ga. Aug. 30, 2007) (emphasis in original) (noting that "Gulfstream does not even explain *why* it seeks vacatur, other than the mere fact that it negotiated the right to do so...").

implementation...Even where all the parties agree....the court should examine it carefully to ascertain not only that it is a fair settlement but also that it does not put the court's sanction on and power behind a decree that violates Constitution, statute or jurisprudence. This requires a determination that the proposal represents a reasonable factual and legal determination based on the facts of the record, whether established by evidence, affidavit or stipulation[]'"); U.S. v. City of Miami, Fla., 664 F.2d 435, 440-441 (5th Cir. 1981) (concurring opinion) (same); U.S. v. DeKalb Cty., Ga., 2011 WL 6402203, *9-10 (N.D. Ga. Dec. 20, 2011) (discussing review standard for consent decrees); Allen v. School Bd. For Santa Rosa Cty., Fla, 787 F.Supp.2d 1293 (N.D. Fla. 2011) (citing Paradise v. Prescott, 767 F.2d 1514, 1525 (11th Cir.1985) (a consent decree "is a judgment with the force of *res judicata*[]"); Sierra Club v. Coca-Cola Corp., 673 F. Supp. 1555, 1556 (M.D. Fla. 1987) ("[p]arties to a lawsuit may always compromise their dispute...But where the parties wish to incorporate their settlement into a judicial decree—where they seek the imprimatur of judicial approval—the court must give the agreement more careful scrutiny...").

With the foregoing in mind, the Court finds as follows. The parties failed to cite any case law supporting vacatur under the present circumstances, much less allege or establish "extraordinary circumstances" justifying vacatur. Moreover, the Court finds that the equitable remedy of vacatur is not available under the circumstances of this case, particularly as "[t]he fact that a party conditions a settlement on achieving vacatur does not by itself provide the needed equitable circumstances. Such a rule would essentially remove the decision from the court and hand it to the parties, in violation of the *U.S. Bancorp* rule." In re Admetric Biochem, Inc., 300 B.R. 141, 147-148 (Bkrtcy. D. Mass. 2003). Further, as to the public interest concerns, the parties chose to litigate this case via motion for summary judgment, voluntarily dismissing two (2) party-

4

plaintiffs before trial, and proceeding with a jury trial from which a jury verdict issued. Id. Thus, to the extent they now endeavor to change the outcome via settlement (e.g. add back the two (2) dismissed party-plaintiffs or other matters), vacatur is an improper vehicle for such relief. Bancorp, 513 U.S. at 26, 28. See, e.g., In re Hiller, 179 B.R. 253, 258-260 (Bankr. D. Colo. 1994) ("*vacatur* upon request of the parties as part of a settlement agreement, is no longer justifiable pursuant to the case law. Pursuant to...*[Bancorp v.] Bonner Mall...* and *Oklahoma Radio*, *vacatur* must be justified on the merits of the case before the court. Thus, the parties requesting *vacatur* must show exceptional circumstances and demonstrate why *vacatur* is warranted under the...[Bancorp v.] *Bonner Mall*]...standards[]").

Based on the foregoing, it is **ORDERED** that the parties' Joint Motion for entry of a Consent Judgment (Doc. 147) is **DENIED**.

**DONE** and **ORDERED** this the **21st** day of **February 2020.**

/s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**